Bradley L. Booke   #5-1676
Law Office of Bradley L. Booke
Box 13160
250 Veronica Lane #204
Jackson, Wyoming 83002
Phone 702-241-1631
Fax 866-297-4863
brad.booke@lawbooke.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| UFO MAGAZINE, INC., a Wyoming corporation, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) Case Number: _____ ) |
| SHOWTIME NETWORK, INC., a Delaware corporation, | ) ) ) |
| Defendant. | ) ) |

Plaintiff UFO Magazine, Inc., a Wyoming corporation, through counsel, alleges, as follows:

**INTRODUCTION**

This is a civil action for infringement of Plaintiff UFO Magazine, Inc.'s federally-registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 et seq.; and false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from the infringement of UFO Magazine Inc.'s **"UFO"** trademarks through Defendant Showtime Network, Inc.'s production, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of a television series entitled "UFO." Plaintiff UFO Magazine, Inc. seeks injunctive relief, an accounting, compensatory damages and/or

statutory damages, treble damages, attorneys' fees and costs, and such other relief as the Court deems proper.

## PARTIES

1. Plaintiff UFO Magazine, Inc. (hereafter "UFO Magazine") is a corporation organized and existing under the laws of the State of Wyoming, with its principal place of business at 1285 Sheridan Avenue #333, Cody, Wyoming 82414.

2. Defendant Showtime Network, Inc. (hereafter "Showtime") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1633 Broadway, New York, New York 10019.

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 17 U.S.C. §§ 101 et seq. and the Lanham Act, pursuant to 28 U.S.C. § 1338(b), as an action arising out of claims for false designation of origin and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because Defendant Showtime conducts business in this district and because Defendant Showtime has caused damage to UFO Magazine in this district.

5. Personal jurisdiction exists over Defendant Showtime because, on information and belief, Defendant Showtime regularly conducts, transacts, and/or solicits business in Wyoming and in this district, supplies its products and services to consumers in Wyoming and in this district, derives substantial revenue from its business transactions in Wyoming and in this district, and/or

otherwise avails itself of the privileges and protections of the laws of the State of Wyoming, such that this Court's assertion of jurisdiction over Defendant Showtime does not offend traditional notions of fair play and due process.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

6. UFO Magazine is the owner of United States Trademark Registration No. 3283437 for the trademark **"UFO"** for "Entertainment in the nature of a television series and motion picture film series."

7. UFO Magazine's Trademark Registration No. 3283437 for **"UFO"** was first registered on August 21, 2007, was renewed on June 5, 2017, Section 8 and Section 15 Affidavits have been timely filed, and the registration is now incontestable.

8. UFO Magazine's first commercial use of this mark was made in March 2007.

9. UFO Magazine is also the owner of United States Trademark Registration No. 4054372 for the trademark **"UFO"** for "Entertainment services, namely multimedia publishing of books, magazines, and electronic publications which deal with unidentified flying objects and related phenomena."

10. UFO Magazine's Trademark Registration No. 4054372 for **"UFO"** was first registered on November 15, 2011, was renewed on March 25, 2021, Section 8 and Section 15 Affidavits have been timely filed, and the registration is now incontestable.

11. UFO Magazine's first commercial use of this mark was made in February 1998.

12. The **"UFO"** trademarks are very valuable intellectual properties of UFO Magazine.

13. UFO Magazine has invested substantial time, effort, and resources in developing its signature mark, and substantially more resources in using the mark to identify and promote its media products.

14. Specifically, UFO Magazine has been in discussions for development of a UFO motion picture and/or television series for many years.

15. As recently as September 2020, UFO Magazine, in a sponsorship role with the Virtual International UFO Congress, sought collaborators for development of a movie.

16. UFO Magazine's website has also, for some time, included content seeking collaborators for movie development.

17. Beginning in the mid-2021 and without license, permission, or authority from UFO Magazine, Defendant Showtime began airing a television series entitled "UFO" concerning extraterrestrial phenomena on its streaming service.

18. Defendant Showtime's use of "UFO" in connection with a television series infringes UFO Magazine's trademark and intellectual property rights in its **"UFO"** marks.

19. On December 4, 2021, shortly after becoming aware of Defendant Showtime's infringements of its **"UFO"** marks, UFO Magazine sent a letter to Defendant Showtime providing information about and copies of UFO Magazine's trademark registrations and uses and demanding that Defendant Showtime cease and desist from its infringing uses of the **"UFO"** mark.

20. On December 21, 2021, UFO Magazine sent a second letter to Defendant Showtime providing detailed information about the history of UFO Magazine's uses, providing legal authority for its claim of trademark infringement, and again demanding that Defendant Showtime cease and desist from its infringing uses.

21. Despite having actual notice and knowledge of UFO Magazine's trademark registrations and UFO Magazine's trademark and intellectual property rights, Defendant Showtime has continued to stream its television programming bearing the infringing "UFO" title; has advertised and promoted its television programming bearing the infringing "UFO" title; and

has generated substantial revenue from its television programming bearing the infringing "UFO" title.

22. UFO Magazine alleges, on information and belief, that Defendant Showtime's infringement continues to date.

### FIRST CAUSE OF ACTION:  Infringement of Registered Trademarks

[15 U.S.C. § 1114/Lanham Act § 32(a)]

23. UFO Magazine restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

24. UFO Magazine is the owner of all right and title in and to Registration No. 3283437 and Registration No. 4054372 ("the Registered Marks").

25. UFO Magazine has continuously used the Registered Marks in interstate commerce since at least as early as the dates of first use reflected in its registrations.

26. UFO Magazine, as the owner of all right, title, and interest in and to the Registered Marks has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

27. Defendant Showtime is and was, at the time it engaged in its actions as alleged herein, actually aware that UFO Magazine is the owner of the Registered Marks.

28. Defendant Showtime did not seek, and has failed to obtain, consent or authorization from UFO Magazine to make use of, advertise, market, promote, distribute, display, offer for sale and/or sell its products or services bearing the Registered Marks, in commerce.

29. Defendant Showtime has knowingly and intentionally produced, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold products and services bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Registered Marks and/or that are identical and/or confusingly similar to the

Registered Marks.

30. Defendant Showtime's intentional use of the Registered Marks in commerce on or in connection with its products and services has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public as to the true source or origin of the products and services.

31. Defendant Showtime's actions have been deliberate and committed with full knowledge of UFO Magazine's rights in and to the Registered Marks, as well as with bad faith and the intent to cause confusion, mistake, and deception.

32. Defendant Showtime's continued, knowing and intentional use of the Registered Marks without UFO Magazine's consent or authorization, constitutes intentional infringement of the Registered Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

33. As a direct and proximate result of Defendant Showtime's illegal and infringing actions as alleged herein, UFO Magazine has suffered monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Registered Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless enjoined, Defendant Showtime will continue to cause such irreparable injury, loss and damage to Plaintiff.

34. Based on Defendant Showtime's actions as alleged herein, UFO Magazine is entitled to injunctive relief, damages for the irreparable harm that UFO Magazine has sustained, and will sustain, as a result of Defendant Showtime's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant Showtime as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION:  False Designation of Origin & Unfair Competition

[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

35. UFO Magazine restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. UFO Magazine, as the sole owner of all right and title in and to the intellectual property that is represented by and includes, without limitation, the Registered Marks, has standing to maintain an action for false designation of origin and unfair competition under the Lanham Act § 43(a), 15 U.S.C. § 1125.

37. The Registered Marks are inherently distinctive and/or have acquired distinctiveness.

38. Defendant Showtime has knowingly and willfully used in commerce products and services bearing words and designs that are identical or confusingly or substantially similar to and constitute a reproduction of the Registered Marks, and has affixed, applied, and used false designations of origin and false and misleading descriptions and representations on or in connection with the production, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of goods and services with the intent to cause confusion, to cause mistake and to deceive the purchasing public to believe, in error, that Defendant's products and services are genuine and/or that Defendant Showtime's products and services are authorized, sponsored, approved, endorsed or licensed by UFO Magazine, thereby creating a likelihood of confusion by consumers as to the true source of the products and services, and allowing Defendant Showtime to capitalize on the goodwill associated with the Registered Marks, to Defendant Showtime's substantial profit in unlawful and intentional disregard of UFO Magazine's rights.

39. By advertising, marketing, promoting, distributing, displaying, offering for sale,

and/or selling products and services that are identical to, confusingly similar to or colorable imitations of the Registered Marks, Defendant Showtime has traded off the extensive goodwill of UFO Magazine, has induced and will continue to induce customers to purchase its products and services, thereby directly and unfairly competing with UFO Magazine, and has permitted and will continue to permit Defendant Showtime to make substantial sales and profits based on the goodwill and reputation of UFO Magazine.

40. Defendant Showtime knew or, by the exercise of reasonable care, should have known, that its adoption and commencement of and continuing use in commerce of designs and/or marks that are identical or confusingly and substantially similar to and constitute a reproduction of the Registered Marks would cause confusion, mistake, or deception among purchasers, users, the public and the trade.

41. On information and belief, Defendant Showtime's actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake, and to deceive the trade and the purchasing public and with the intent to trade on the goodwill and reputation of UFO Magazine and its Registered Marks.

42. As a direct and proximate result of Defendant Showtime's actions, Defendant Showtime has caused irreparable injury to UFO Magazine by depriving UFO Magazine of the value of the Registered Marks, as commercial assets, for which it has no adequate remedy at law, and unless restrained, Defendant Showtime will continue to cause irreparable injury to UFO Magazine and the goodwill and reputation associated with the value of the Registered Marks in an amount as yet unknown, but to be determined at trial.

43. Based on Defendant Showtime's wrongful actions, UFO Magazine is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act,

including damages that UFO Magazine has sustained and will sustain as a result of Defendant Showtime's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant Showtime as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, UFO Magazine, Inc. prays for judgment against Defendant Showtime Network, Inc., as follows:

A. For an award of Defendant Showtime Network, Inc.'s profits and UFO Magazine, Inc.'s damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally, directly and/or indirectly, using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B. In the alternative to Defendant Showtime Network, Inc.'s profits and UFO Magazine, Inc.'s actual damages, enhanced discretionary damages and treble damages for willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services and/or an award of statutory damages pursuant to 15 U.S.C. § 1117(c) per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just, which UFO Magazine, Inc. may elect prior to the rendering of final judgment;

C. For an award of Defendant Showtime Network, Inc.'s profits and UFO Magazine, Inc.'s damages in an amount to be proven at trial for willful trademark infringement of the Registered Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

      D.      For an award of Defendant Showtime Network, Inc.'s profits and UFO Magazine, Inc.'s damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

      E.      For a permanent injunction by this Court enjoining and prohibiting Defendant Showtime Network, Inc., or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant Showtime Network, Inc., and all those in active concert or participation with Defendant Showtime Network, Inc., and each of them who receives notice directly or otherwise of such injunction from:

    i.    producing, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in products or services bearing the Registered Marks;

    ii.    directly or indirectly infringing in any manner any of the Registered Marks or other exclusive rights of UFO Magazine, Inc.;

    iii.    using any reproduction, counterfeit, copy, or colorable imitation of the trademarks or other exclusive rights of UFO Magazine, Inc. to identify any products or services not authorized by UFO Magazine, Inc.;

    iv.    using any of UFO Magazine's trademarks or other exclusive rights or any other designs, artwork, or marks that are substantially or confusingly similar to the Registered Marks on or in connection with Defendant Showtime Network, Inc.'s production, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of its products or services;

  v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product or service advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant Showtime Network, Inc.;

  vi. engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising and/or dealing in any product or service bearing or utilizing the Registered Marks and/or goodwill associated therewith;

  vii. engaging in any other actions that constitute unfair competition with Plaintiff UFO Magazine, Inc.;

  viii. engaging in any other act in derogation of UFO Magazine, Inc.'s rights;

  ix. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

  x. instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ix) above; and

  F. For an order from the Court requiring that Defendant Showtime Network, Inc. provide complete accountings for any and all monies, profits, gains, and advantages it has derived by producing, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the products and services as described herein, including prejudgment interest.

      G.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant Showtime Network, Inc.'s possession that rightfully belong to UFO Magazine, Inc.;

      H.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

      I.      For UFO Magazine, Inc.'s reasonable attorneys' fees;

      J.      For all costs of suit; and

      K.      For such other and further relief as the Court may deem just and equitable.

Dated this 4th day of April, 2022.

By: /s/ Bradley L. Booke
Bradley L. Booke
P.O. Box 13160
250 Veronica Lane #204
Jackson, Wyoming 83002
Telephone: 702-241-1631
brad.booke@lawbooke.com
*Attorney for Plaintiff*