Aaron J. Lyttle
    alyttle@lrw-law.com
**LONG REIMER WINEGAR LLP**
2120 Carey Avenue, Suite 300
P.O. Box 87
Cheyenne, WY 82003
Telephone:       307-635-0710
Facsimile:       307-635-0413

Alan Friedman (admitted *Pro Hac Vice*)
    AFriedman@FoxRothschild.com
Joshua Bornstein (admitted *Pro Hac Vice*)
    JBornstein@FoxRothschild.com
**FOX ROTHSCHILD LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone:       310.598.4150
Facsimile:       310.556.9828

Attorneys for Defendant, SHOWTIME NETWORKS INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UFO MAGAZINE, INC., a Wyoming corporation<br><br>         Plaintiff,<br>         v.<br><br>SHOWTIME NETWORK, INC., a Delaware corporation,<br><br>         Defendant. | Case No. 0:22-CV-0078-NDF<br><br>Hon. Nancy D. Freudenthal |

**DEFENDANT SHOWTIME NETWORKS INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)**

135380381.4

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

THE ARGUMENTS IN PLAINTIFF'S OPPOSITION ARE DEFICIENT ............................... 2

I. Plaintiff's Lanham Act Claims Should Be Dismissed Under the Rogers Test ................... 3

   A. Plaintiff's Argument that the Series is Not an "Expressive Work" Is Frivolous .... 3

   B. The *Rogers* Test Mandates Dismissal of Plaintiff's Claims .................................. 5

   C. The Ninth Circuit Has Not Altered the *Rogers* Test ............................................. 6

II. The *Stouffer* Test Requires Dismissal of the Complaint ....................................................... 7

III. No Other Approach Identified in the Opposition Applies or is Appropriate ..................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Beer Nuts, Inc. v. Clover Club Foods Co.*,
   711 F.2d 924 (10th Cir. 1983) ........................................................................................9

*Bouchat v. Baltimore Ravens Ltd. P'ship*,
   737 F.3d 932 (4th Cir. 2013) ..........................................................................................4

*Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*,
   861 F.3d 1081 (10th Cir. 2017) ......................................................................................4

*Brown v. Elec. Arts, Inc.*,
   724 F.3d 1235 (9th Cir. 2013) ................................................................................4, 5, 6

*Cardtoons L.C. v. Major League Baseball Players Ass'n*,
   95 F.3d 959 (10th Cir. 1996) ................................................................................ passim

*Dr. Seuss Enterprises, L.P. v. ComicMix LLC*,
   983 F.3d 443 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2803 (2021).......................5, 7

*Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*,
   109 F.3d 1394 (9th Cir. 1997) ....................................................................................4, 7

*Eastland Music Grp., LLC v. Lionsgate Entm't, Inc.*,
   707, F. 32, 869 (7th Cir. 2013) .......................................................................................5

*Facenda v. N.F.L. Films, Inc.*,
   542 F.3d 1007 (3d Cir. 2008)..........................................................................................5

*Fortres Grand Corp. v. Warner Bros. Entertainment Inc.*,
   947 F. Supp. 2d 922 (N.D. Ind. 2013), *aff'd on other grounds*, 763 F.3d 696
   (7th Cir. 2014), *cert. denied*, 135 S. Ct. 981 (2015) ................................................5

*Gordon v. Drape Creative, Inc.*,
   909 F.3d 257 (9th Cir. 2018) .......................................................................................6, 7

*Mattel Inc. v. Walking Mountain Productions*,
   353 F.3d 792 (9th Cir. 2003) ..........................................................................................3

*Mattel, Inc. v. MCA Recs., Inc.*,
   296 F.3d 894 (9th Cir. 2002) ..........................................................................................1

*Medina v. Dash Films, Inc.*,
   2016 WL 3906714 (S.D.N.Y. July 14, 2016).................................................................6

*Parks v. LaFace Records*,
    329 F.3d 437 (6th Cir. 2003) ............................................................................................10

*Radiance Found., Inc. v. N.A.A.C.P.*,
    786 F.3d 316 (4th Cir. 2015) ..............................................................................................2

*Rogers v. Grimaldi*,
    875 F.2d 994 (2d Cir. 1989)...................................................................................... *passim*

*Stouffer v. Nat'l Geographic Partners, LLC*,
    460 F. Supp. 3d 1133 (D. Colo. 2020)........................................................................ *passim*

*Twentieth Century Fox TV v. Empire Distrib., Inc.*,
    875 F.3d 1192 (9th Cir. 2017) ....................................................................................3, 6, 9

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
    505 U.S. 763 (1992)............................................................................................................1

## Statutes

First Amendment .......................................................................................................... *passim*

Lanham Act..................................................................................................................... *passim*

## Other Authorities

Fed. R. Civ. P. 12(b)(6)........................................................................................................ *passim*

Fed. R. Civ. P. 12(c) ....................................................................................................................7

H.R. REP. No. 116-645 (Trademark Modernization Act of 2020), Report of the
    U.S. House Committee on the Judiciary at 19-20 (Dec. 14, 2020).................................. *passim*

Defendant Showtime Networks Inc. ("**Showtime**") respectfully submits this reply in further support of its Rule 12(b)(6) motion to dismiss with prejudice (DN 13, "**Motion**" or "**Mot.**") Plaintiff UFO Magazine, Inc.'s ("**Plaintiff**") Complaint (DN 1, "**Compl.**") because the claims asserted therein fail to state a claim upon which relief may be granted as a matter of law.

## PRELIMINARY STATEMENT

Plaintiff's Opposition (DN 24, "**Opposition**" or "**Opp.**") confirms the legal insufficiency of its claims. It concedes that this lawsuit arises exclusively from Showtime's use of the descriptive and commonplace word "UFO" as the title of its four-part documentary about UFOs (the "**Series**").[1] But, in seeking to survive dismissal, Plaintiff fails to recognize the difference between the purpose of a title of an expressive work, which provides information about the contents of the work,[2] and the purpose of a trademark, which identifies a product's source of origin.[3] In these circumstances, both the *Rogers* and *Stouffer* tests mandate that First Amendment interests limit the scope of Plaintiff's trademark rights. Because nothing in Plaintiff's Opposition overcomes Showtime's showing that Plaintiff's claims are barred by the First Amendment under both of these tests, Plaintiff's lawsuit should be dismissed with prejudice.

Recognizing that it cannot establish that the title of the Series fails the *Rogers* test,[4] Plaintiff *never argues* the title is not "artistically relevant" or that the Series "explicitly misleads" viewers as to its source. Rather, Plaintiff tries to pass *Rogers* off as outdated. Opp. at 12 ("the 1980s-vintage *Rogers* was created in the infancy of the Internet"). This sleight of hand is baseless.

---

[1] All four episodes of the Series were submitted to the Court as Exhibit A and served on Plaintiff (DN 15). *See also*, Declaration of Alan R. Friedman (DN 14), ¶¶ 1-3 (authenticating Ex. "A").

[2] *Mattel, Inc. v. MCA Recs., Inc.*, 296 F.3d 894, 902 (9th Cir. 2002).

[3] *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992).

[4] *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989).

1

Showtime's Motion shows that *Rogers* is, to this day, applied by courts across the country.  Further, in the U.S. House Committee on the Judiciary Report on the Trademark Modernization Act of 2020 (the "**Judiciary Committee Report**") – which Plaintiff simply ignores – the Committee stated that in enacting the Act it "intends and expects that courts will continue to apply the *Rogers* standard to cabin the reach of the Lanham Act in cases involving expressive works[.]"[5]  Under *Rogers*, Plaintiff's lawsuit fails to state a claim and must be dismissed with prejudice.

Plaintiff fares no better under *Stouffer*,[6] which Plaintiff falsely states requires "a fully developed factual record."  Opp. at 14.  As discussed in the Motion (but never mentioned by Plaintiff), the court in *Stouffer* <u>dismissed under Rule 12(b)(6)</u> trademark claims challenging the title of defendant's nature documentaries, even though the title was virtually identical to plaintiff's registered trademark and the title of plaintiff's own nature documentaries.  Plaintiff urges the Court to apply *Stouffer* (Opp. at 13), but fails to show how applying the *Stouffer* test would save its claim and fails even to attempt to rebut Showtime's showing that all the *Stouffer* factors compel dismissal of Plaintiff's claims now.

## THE ARGUMENTS IN PLAINTIFF'S OPPOSITION ARE DEFICIENT

"Titles, as part of expressive works, require[ ] more protection than the labeling of ordinary goods."  *Radiance Found., Inc. v. N.A.A.C.P.*, 786 F.3d 316, 329 (4th Cir. 2015) (internal quotations omitted); *see also Stouffer*, 460 F. Supp. 3d at 1145 ("choice of a title for one's expressive creation is an expressive choice unto itself").

Despite admitting it has never produced a film or TV show using the title "UFO" or

---

[5] H.R. REP. No. 116-645 (Trademark Modernization Act of 2020), Report of the U.S. House Committee on the Judiciary at 19-20 (Dec. 14, 2020) (https://www.congress.gov/congressional-report/116th-congress/house-report/645).

[6] *Stouffer v. Nat'l Geographic Partners, LLC*, 460 F. Supp. 3d 1133 (D. Colo. 2020).

disputing that the "UFO" acronym for unidentified flying objects was in use decades before Plaintiff obtained its trademarks, Plaintiff seeks to use its trademarks to prevent Showtime from selecting "UFO" as the title of its Series about UFOs. Not only has Plaintiff cited no authority to support this assertion, but also it is contrary to cases cited in the Motion that Plaintiff did not distinguish and contradicted by a ruling in a case Plaintiff cites in its Opposition (Opp. at 8), *see Mattel Inc. v. Walking Mountain Productions*, 353 F.3d 792, 806 (9th Cir. 2003) (owner of trademarks that enter public discourse and becomes integral part of vocabulary "does not have the right to control public discourse whenever the public imbues his mark with a meaning beyond its source-identifying function") (cleaned up). This ruling applies to "UFO," and this is a paradigm case in which the *Rogers* test – and, alternatively, the *Stouffer* test that Plaintiff contends should be applied – requires dismissal of Plaintiff's trademark claims as a matter of law.

## I. Plaintiff's Lanham Act Claims Should Be Dismissed Under the *Rogers* Test

### A. Plaintiff's Argument that the Series is Not an "Expressive Work" Is Frivolous

Under *Rogers*, the Lanham Act cannot be applied "to expressive works unless the use of the trademark or other identifying material has no artistic relevance to the underlying work whatsoever, or, if it has some artistic relevance, unless the trademark or other identifying material explicitly misleads as to the source or the content of the work." *Twentieth Century Fox TV v. Empire Distrib., Inc.*, 875 F.3d 1192, 1197 (9th Cir. 2017). Plaintiff makes the extraordinary assertion – without citing a single authority – that *Rogers* does not apply because Showtime's documentary Series is not an "expressive work," but rather "a compilation and regurgitation of archived and state tapes and tales that have been cobbled together for the purpose of generating revenue . . . ." Opp. at 4. This unsupported argument is meritless.

The Supreme Court established long ago that works of entertainment, like the Series, are protected under the First Amendment. *See* Mot. at 9 (citing cases); *see also Cardtoons L.C. v.*

*Major League Baseball Players Ass'n*, 95 F.3d 959, 969 (10th Cir. 1996) (works "are no less protected because they provide humorous rather than serious commentary"). Moreover, the archival footage and historical events involving UFOs that Plaintiff denigrates in its baseless "cobbled together" argument are, in fact, hallmarks of First Amendment protected documentaries. *See, e.g., Bouchat v. Baltimore Ravens Ltd. P'ship*, 737 F.3d 932 (4th Cir. 2013) (explaining that works in issue in that case (videos of the Baltimore Ravens football team):

> [S]hare the qualities of other historical documentaries. They feature three key components: archival footage, commentary, and interviews. These ingredients are crucial to the creation of any historically accurate film.

*Id*. at 944.[7]

Plaintiff's claim that "'expressive work' is not easily defined" (Opp. at 14), is another contrived argument. *See, e.g., Brown v. Elec. Arts, Inc.,* 724 F.3d 1235, 1241 (9th Cir. 2013) ("In determining whether a work is expressive, we analyze whether the work is 'communicating ideas or expressing points of view'"); Judiciary Committee Report at 20 ("expressive works" and "artistic works" are synonyms and include, without limitation, "movies, television programs, songs, books, plays, video games and the like"). Plaintiff's reliance on *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.,* 109 F.3d 1394 (9th Cir. 1997) (Opp. at 14), on this point is also unavailing. That case involved whether a book about the O.J. Simpson trial was a "transformative work with 'new expression, meaning or messaging'" under the copyright fair use test. *Id*. at 1401. It has no bearing on whether Showtime's "UFO" documentary Series is an expressive work, which

---

[7] Plaintiff does not dispute that the Series is properly before the Court on the Motion (*see* Mot. at 4-6). Accordingly, the content of the Series "controls" and, thus, undermines Plaintiff's baseless claim that it is not an "expressive work" entitled to First Amendment protection. *See, e.g., Brokers' Choice of Am., Inc. v. NBC Universal, Inc*., 861 F.3d 1081, 1105 (10th Cir. 2017).

it clearly is.[8]  Finally, Plaintiff's related claim that the Series is intended to "generat[e] revenue" (Opp. at 4), does not impact its First Amendment standing.  *See Cardtoons L.C.*, 95 F.3d at 970 (fact that expressive materials are sold "neither renders the speech unprotected, nor alters level of protection under the First Amendment") (citation omitted).  Finally, in light of the foregoing authorities, Plaintiff's assertion that an "expert" is needed to "deconstruct and analyze" whether the Series is an "expressive work" (Opp. at 15) is simply another completely unsupported, meritless argument.

### B. The *Rogers* Test Mandates Dismissal of Plaintiff's Claims

To satisfy the first *Rogers'* prong, "the level of artistic relevance of the trademark or other identifying material to the work merely must be above zero[.]" *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1243 (9th Cir. 2013) (cleaned up); *Dr. Seuss Enterprises, L.P. v. ComicMix LLC,* 983 F.3d 443, 462 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2803 (2021).  Plaintiff never raises any argument, let alone a plausible one, that the title of the Series is not "artistically related" to its content.  Indeed, it cannot plausibly be disputed that the title's artistic relevance is above zero, especially when Plaintiff admits the Series concerns UFOs (Compl., ¶ 17) and the Series' episodes demonstrate its

---

[8] *Facenda v. N.F.L. Films, Inc.*, 542 F.3d 1007 (3d Cir. 2008) (Opp. at 14), also does not support Plaintiff's argument.  In *Facenda*, the trademark and right of publicity claims concerned the use of sound recordings of a deceased broadcaster in a 22-minute video made to promote the sale of a videogame. *Id.* at 1011, 1030.  <u>The Third Circuit acknowledged *Rogers*' appropriate balance of First Amendment and trademark interests with respect to trademark claims concerning the titles of films, books, and paintings</u>. *Id*. at 1018.  However, it declined to extend *Rogers* to the video, because it was merely a "22–minute promotional piece akin to advertising [and therefore did] not count as an expressive work." *Id*. at 1030.  In contrast, the Series is a documentary that explores multiple points of view about UFOs. *See* Mot. at 6-9; DN 15, Ex. A.

Plaintiff's assertion that the Seventh Circuit declined to follow *Rogers* in *Eastland Music Grp., LLC v. Lionsgate Entm't, Inc.*, 707, F. 32, 869 (7th Cir. 2013) (Opp. at 8), is also mistaken.  In *Eastland*, the court stated it did not need to reach whether *Rogers* applied. *Id*. at 872.  More relevant, in *Fortres Grand Corp. v. Warner Bros. Entertainment Inc*., 947 F. Supp. 2d 922, 931–932 (N.D. Ind. 2013), *aff'd on other grounds*, 763 F.3d 696, (7th Cir. 2014), *cert. denied*, 135 S. Ct. 981 (2015), the court labeled *Rogers* "one of the beacons used to navigate the murky boundary between trademark law and the First Amendment" and applied *Rogers* as an independent ground for its Rule 12(b)(6) dismissal of the plaintiff's claims based on defendants' use of plaintiff's trademark in "The Dark Night" motion picture.

artistic relevance.  Mot. at 6-9.

*Rogers*' second prong asks if "the use of trademark or other identifying material explicitly misleads as to the source or the content of the work."  *Brown*, 724 F.3d at 1239 (quoting *Rogers*, 875 F.2d at 999).  Plaintiff does not dispute that this requires an "explicit indication, overt claim or explicit misstatement" (*see Twentieth Century Fox TV*,  875 F.3d at 1199), but Plaintiff never identifies anything that satisfies this threshold.  This is unsurprising:  There is nothing "explicitly misleading" about using the title "UFO" for the Series about UFOs.  Far from Showtime "pirating UFO Magazine's property rights" (Opp. at 3), Plaintiff's claims wrongly seek to wield its trademarks to "remove all expressive, non-explicitly misleading uses [of the term] from public circulation."  *Medina v. Dash Films, Inc*., 2016 WL 3906714, at *6 (S.D.N.Y. July 14, 2016*)* (dismissing trademark claims against title of videos where trademarked term existed long before plaintiff obtained it); *Twentieth Century Fox TV,* 875 F.3d at 1197-98 (expressive use of culturally-significant marks requires First Amendment protection to prevent "trademark owner[s] [from] assert[ing] a right to control how we express ourselves"); *see also Cardtoons*, 95 F.3d at 971 ("Intellectual property, unlike real estate, includes the words, images and sounds that we use to communicate and 'we cannot indulge in the facile assumption that one can forbid particular words without also running a substantial risk of suppressing ideas in the process.") (cleaned up).

### C.     The Ninth Circuit Has Not Altered the *Rogers* Test

Plaintiff's assertion that the Ninth Circuit altered the *Rogers* test is mistaken (Opp. at 10), and its singular reliance on *Gordon v. Drape Creative, Inc.,* 909 F.3d 257 (9th Cir. 2018) for this point is baseless.  *Gordon* did not involve a dispute over the title of an expressive work, and it is neither the most applicable, nor the most recent, Ninth Circuit case applying *Rogers*.  *Gordon* involved the defendant's use of the plaintiff's enormously-popular trademarked phrase "Honey

Badger Don't Care" as the tagline of greeting cards that directly competed with the plaintiff's own greeting cards that used the same tagline. *Id.* at 262, 268. Moreover, in *Gordon*, the Ninth Circuit distinguished the greeting card "tagline" dispute from disputes over titles of expressive works, recognizing that "*consumers do not expect titles to identify the origin of the work.*" *Id.* at 270 (citing *Mattel*, 296 F.3d at 902) (emphasis added).

The Opposition's focus on *Gordon* also ignores the Ninth Circuit's subsequent *Dr. Seuss Enterprises, L.P. v. ComicMix LLC* decision, which (i) did involve a dispute over titles of expressive works, (ii) expressly distinguished *Gordon*, and (iii) was dismissed on the pleadings. In *Dr. Seuss*, the Ninth Circuit affirmed the Rule 12(c) dismissal of trademark infringement claims based on the defendant's use of a title that was virtually identical to the registered trademark title of the Dr. Seuss book "Oh, the Places You'll Go!" on a book designed to compete with the Dr. Seuss book. 983 F.3d at 460-61. Showtime discussed *Dr. Seuss* at length in the Motion (Mot. at 10, 14-17), including showing that the Ninth Circuit's explanation of why *Gordon* did not save Dr. Seuss' claim from dismissal applied equally to Plaintiff's claims here (*id*. at 14-15). <u>Unable to reconcile *Dr. Seuss* with its flawed claims, Plaintiff ignores the decision, offers no rebuttal to the discussion in the Motion, and instead, concocts a baseless argument that *Gordon* changed the prevailing standard in the Ninth Circuit</u>. This approach is meritless. For the reasons discussed in the Motion, the *Dr. Seuss* decision compels dismissal of Plaintiff's claims. *See* Mot. at 14-17.

## II. The *Stouffer* Test Requires Dismissal of the Complaint

Plaintiff argues that the *Stouffer* test should be applied here (Opp. at 13), but neither applies it nor shows how its allegations could plausibly satisfy the test. Even more telling, Plaintiff never addresses Showtime's irrefutable showing that: (1) the parties do not use the UFO mark to identify similar things; (2) the Series adds substantial expressive content beyond its title; (3) Showtime was

not attempting to ride Plaintiff's popularity (if any); (4) the title is artistically related to a documentary about UFOs; and (5) Showtime did not make any statements suggesting a non-artistic motive. Mot. at 19-21. As such, *Stouffer* mandates dismissal of Plaintiff's claims with prejudice.

Notwithstanding these failures, Plaintiff still seeks an opportunity to take discovery, presumably in an effort to later argue that Showtime had a non-artistic motive for using the "UFO" title. However, not only is there no plausible basis for such an argument, but also this is the exact approach the Judiciary Committee Report criticized and disavowed. *See* Judiciary Committee Report at 20 (instructing courts not to depart from *Rogers* by engaging in fact-intensive inquiries concerning a creator's "artistic motives."). Moreover, Plaintiff has not alleged any facts or made any showing of discovery needed to apply the *Stouffer* test, especially where the Series is part of the record on this Motion and Plaintiff has never exploited a film or TV show about UFOs.

Nor does *Stouffer* support discovery here. Plaintiff has not alleged any fact that plausibly reflects that Showtime selected the "UFO" title for its trademark value, rather than its customary meaning and relevance to the Series. In contrast, in *Stouffer,* where the plaintiff and defendant both produced and exploited nature documentaries, the *Stouffer* defendant requested permission to use the plaintiff's trademark for the title of its documentaries before airing them. Despite the court's recognition that the request "could suggest a desire to use the mark or something close to it) for its trademark value" (*Stouffer*, 460 F. Supp. 3d at 1145), the court dismissed plaintiff's trademark claims under Rule 12(b)(6) – <u>without permitting discovery</u>. *See* 400 F. Supp.3d at 1189 (staying all discovery pending resolution of Rule 12(b)(6) motion to dismiss).[9]

---

[9] Plaintiff's contention that Showtime could have located its mark through a search of the USPTO's database (Opp. at 1, 15) is a red herring. No case holds that this is relevant in balancing First Amendment rights *versus* trademark rights. Further, if it were (it is not), it would undermine First Amendment rights whenever an expressive work uses a registered trademark (as opposed to an unregistered trademark), but this is not the law. *See Twentieth Century Fox TV*, 875 F.3d at 1200 ("application of the [*Rogers*] test comes out the same way whether or not [the plaintiff] has validly registered trademarks").

**III.     No Other Approach Identified in the Opposition Applies or is Appropriate**

Plaintiff contends there are five potential "approaches" to resolve trademark claims asserted against titles of expressive works (Opp. at 8). This is mistaken and, in any event, none of the approaches would salvage Plaintiff's claims. As shown above, the *Rogers,* Ninth Circuit, and *Stouffer* tests all require dismissal of Plaintiff's claims as a matter of law at the pleading stage. The remaining approaches – neither of which Plaintiff contends applies – do not change this result.

First, the "likelihood of confusion" approach applicable in traditional trademark litigation does not apply here because Plaintiff's claims concern a First Amendment protected expressive work. *Stouffer*, the dozens of cases cited in the Motion and the Judiciary Committee Report all establish that the First Amendment takes precedence in such circumstances. Notwithstanding this, Plaintiff cites the *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 924 (10th Cir. 1983), likelihood of confusion factors and contends that *Cardtoons* stands for the principle that trademark law has "built in mechanisms that serve to avoid First Amendment concerns." Opp. at 8.

Preliminarily, there is no reason to apply the *Beer Nuts* likelihood of confusion factors here because Plaintiff admits it has not produced any comparative film or TV show. More importantly, *Cardtoons* involved parody baseball cards and the statement Plaintiff quotes is limited to that context. *See Stouffer* 400 F. Supp. 3d at 1172-73 ("Tenth Circuit had nothing but trademark parodies in mind when it said that the likelihood of confusion test would be enough to satisfy First Amendment concerns"). Because the Series is not a parody, the statement from *Cardtoons* that Plaintiff cites does not apply. Moreover, *Cardtoons* establishes that First Amendment interests <u>must be considered</u> when a Lanham Act claim is asserted against a First Amendment protected work. The Tenth Circuit ruled in that case that if the parody cards could be deemed to infringe plaintiff's Lanham Act rights, it <u>would need to "ascertain whether the cards [we]re protected by</u>

the First Amendment." *Id*. at 966 (emphasis added).

*Cardtoons* also demonstrates that the final "approach" Plaintiff identifies – the "alternative avenues" approach used in the Eighth Circuit – does not apply. Under this approach, First Amendment concerns are considered only if the author has no alternative means of expressing what the work is about (*see* Opp. at 8-9). In *Cardtoons*, the Tenth Circuit rejected application of this test "in the context of intellectual property" because – *citing Rogers v. Grimaldi* – it **"does not sufficiently accommodate the public's interest in free expression**." *Id.* at 971 (emphasis added).[10]

## CONCLUSION

For the foregoing reasons, Showtime respectfully requests that the Court grant its Rule 12(b)(6) motion, dismiss the Complaint with prejudice.

Dated this 28th day of June 2022.

                  FOX ROTHSCHILD LLP

                  By: */s/ Alan Friedman*
                  Alan Friedman (admitted *Pro Hac Vice*)
                  Joshua Bornstein (admitted *Pro Hac Vice*)
                  10250 Constellation Blvd., Suite 900
                  Los Angeles CA 90067
                  (310) 598-4150
                  AFriedman@FoxRothschild.com
                  JBornstein@FoxRothschild.com

                  LONG REIMER WINEGAR LLP

                  By:  */s/  Aaron J. Lyttle*
                  Aaron J. Lyttle
                  120 Carey Avenue, Suite 300
                  P.O. Box 87, Cheyenne, WY  82003
                  (307) 635-0710
                  alyttle@lrw-law.com
                  *Attorneys for Defendant, Showtime Networks Inc.*

---

[10] *Parks v. LaFace Records*, 329 F.3d 437 (6th Cir. 2003) (Opp. at 2 n.4), also does not support Plaintiff. In *Parks*, the court identified *Rogers* as the "best test" for balancing the First Amendment and the Lanham Act. *Id.* at 451-52.

**DEFENDANT SHOWTIME NETWORKS INC.'S REPLY ISO MOTION TO DISMISS**

## CERTIFICATE OF SERVICE

I hereby certify that on this  28th  day of  June  2022, a true and correct copy of the foregoing **DEFENDANT SHOWTIME NETWORKS INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. RULE 12(b)(6)** was filed with the Court through the ECF system, which generates an electronic notice of service by email delivery to all counsel of record.

/s/   *Joshua Bornstein*
Joshua Bornstein