Bradley L. Booke  #5-1676
Law Office of Bradley L. Booke
Box 13160
250 Veronica Lane #204
Jackson, Wyoming 83002
Phone 702-241-1631
Fax 866-297-4863
brad.booke@lawbooke.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| UFO MAGAZINE, INC., a Wyoming corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) Case 0:22-cv-00078 |
| SHOWTIME NETWORK, INC., a Delaware corporation, | ) ) ) ) |
| Defendant. | ) ) |

**FIRST AMENDED COMPLAINT**

Plaintiff UFO Magazine, Inc., a Wyoming corporation, through counsel, for its First Amended Complaint, alleges as follows:

**INTRODUCTION**

This is a civil action for infringement of Plaintiff UFO Magazine, Inc.'s federally-registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 et seq.; and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendant Showtime Network, Inc.'s infringement and use of Plaintiff's **"UFO"** trademarks through Defendant's production, advertising, marketing, promotion, distribution, and


Bradley L. Booke  #5-1676
Law Office of Bradley L. Booke
Box 13160
250 Veronica Lane #204
Jackson, Wyoming 83002
Phone 702-241-1631
Fax 866-297-4863
brad.booke@lawbooke.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | | |
|---|---|---|
| UFO MAGAZINE, INC., a Wyoming corporation, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) ) | Case 0:22-cv-00078 |
| SHOWTIME NETWORK, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff UFO Magazine, Inc., a Wyoming corporation, through counsel, for its First Amended Complaint, alleges as follows:

**INTRODUCTION**

This is a civil action for infringement of Plaintiff UFO Magazine, Inc.'s federally-registered trademarks in violation of § 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. §§ 1051 et seq.; and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising from Defendant Showtime Network, Inc.'s infringement and use of Plaintiff's **"UFO"** trademarks through Defendant's production, advertising, marketing, promotion, distribution, and

display of a television series entitled "UFO." Plaintiff seeks injunctive relief, an accounting, compensatory damages and/or statutory damages, treble damages, attorneys' fees and costs, and such other relief as the Court deems proper.

## PARTIES

1. Plaintiff UFO Magazine, Inc. (hereafter "UFOM") is a corporation organized and existing under the laws of the State of Wyoming, with its principal place of business at 1285 Sheridan Avenue #333, Cody, Wyoming 82414.

2. Defendant Showtime Network, Inc. (hereafter "Showtime") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 1633 Broadway, New York, New York 10019. Defendant Showtime is a wholly-owned subsidiary of Paramount Pictures, a member of the Motion Picture Association.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction of the claims asserted pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as 17 U.S.C. §§ 101 et seq. and the Lanham Act, pursuant to 28 U.S.C. § 1338(b), as an action arising out of claims for trademark infringement and unfair competition; and pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

4. Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because Defendant Showtime conducts business in this district and because Defendant Showtime has caused damage to UFOM in this district.

5. Personal jurisdiction exists over Defendant Showtime because, on information and belief, Defendant Showtime regularly conducts, transacts, and/or solicits business in Wyoming

and in this district, regularly supplies its video streaming service to consumers in Wyoming and in this district, derives substantial revenue from its business transactions in Wyoming and in this district, and/or otherwise avails itself of the privileges and protections of the laws of the State of Wyoming, such that this Court's assertion of jurisdiction over Defendant Showtime does not offend traditional notions of fair play and due process.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

6. UFOM owns a family of federally registered trademarks for the mark **"UFO"** consisting of United States Trademark Registration No. 3283437 and United States Trademark Registration No. 4054372.

7. UFOM's Registration No. 3283437 for the trademark **"UFO"** is for "Entertainment in the nature of a television series and motion picture film series" in International Class 41.

8. UFOM made first use of this mark on March 26, 2007.

9. UFOM's Registration No. 3283437 for **"UFO"** was issued on August 21, 2007 and renewed on June 5, 2017; Section 8 and Section 15 Affidavits were timely filed; and the registration is now incontestable under the express provisions of 15 U.S.C. § 1065 because (a) there has been no final decision adverse to UFOM's claim of ownership of the mark for "Entertainment in the nature of a television series and motion picture film series" or to UFOM's right to register the same or to keep the same on the register, and (b) there is no proceeding involving UFOM's rights pending in the United States Patent and Trademark Office or in a court and not finally disposed of, and (c) an affidavit was filed with the Director of the United States Patent and Trademark Office within one year after expiration of the five-year period setting forth the services stated in the registration for five consecutive years and the mark is still in use in

commerce, and (d) UFOM's mark is not the generic name for the services for which it is registered.

10. UFOM's Registration No. 4054372 for the trademark **"UFO"** is for "Entertainment services, namely, multimedia publishing of books, magazines, and electronic publications which deal with unidentified flying objects and related phenomena" in International Class 41.

11. UFOM's mark was originally registered as Registration No. 2508337 on November 20, 2001 in International Class 16.

12. UFOM made first use of this mark in connection on February 1, 1998.

13. UFOM's Registration No. 4054372 for "UFO" was issued on November 15, 2011 and renewed on March 25; 2021, Section 8 and Section 15 Affidavits were timely filed; and the registration is now incontestable under the express provisions of 15 U.S.C. § 1065 because (a) there has been no final decision adverse to UFOM's claim of ownership of the mark for "Entertainment services, namely, multimedia publishing of books, magazines, and electronic publications which deal with unidentified flying objects and related phenomena" or to UFOM's right to register the same or to keep the same on the register, and (b) there is no proceeding involving UFOM's rights pending in the United States Patent and Trademark Office or in a court and not finally disposed of, and (c) an affidavit was filed with the Director of the United States Patent and Trademark Office within one year after the expiration of the five-year period setting forth the services stated in the registration for five consecutive years and the mark is still in use in commerce. and (d) UFOM's mark is not the generic name for the services or any portion thereof, for which it is registered.

14. The **"UFO"** family of trademarks were registered and have been used to identify UFOM as the creator and developer of present and prospective business activities, opportunities,

and relationships that have actual present and prospective pecuniary value to UFOM, including the production and marketing of entertainment publications and a television series and/or movie for public distribution, together with the merchandising opportunities that are regularly associated with publications, television, and/or movie programming, thus creating substantial present and prospective value in the **"UFO"** trademarks and making the **"UFO"** trademarks the very valuable intellectual properties of UFOM.

15. UFOM's use of its marks began in February 1998 and continues to date.

16. Content published under UFOM's mark explores the historical, cultural, and political aspects of unidentified flying objects and includes, by way of example only, features about "A History of UFO Crashes" by Kevin D. Randle; the Nash-Fortenberry Incident concerning unidentified flying object sightings by two Pan American Airlines pilots; a 2006 UFO sighting over O'Hare airport in Chicago; historian Richard Dolan's analysis (one of several of his books concerning UFOs) explaining why unidentified flying objects are taken seriously in and covered up by national security circles around the world; movie producer Steven Spielberg's "Real Stories of Alien Abduction;" an eyewitness account of alien abductions by Yancy Spence entitled "The Day Manhattan Stood Still;" the 1989 disclosures by former government physicist, Bob Lazar, about Nevada's Area 51 and alleged government involvement in reverse engineering alien spacecraft; the UFO Congress, an annual conference established in 1991 and dedicated to the dissemination of information related to many aspects of unidentified flying objects; a movie in production concerning Roswell, New Mexico where the crash of an alien spacecraft was claimed to have occurred; strategic weapons and unidentified flying objects in the 21st century; unidentified flying objects in pop culture; and the alien abduction ordeal of Emma Woods.

17. Pursuant to a license from UFOM, UFOM's mark was used by 20th Century Fox Television, a division of Paramount Pictures, as set dressing in connection with its 2000-2002 television series, "Roswell."

18. Pursuant to a license from UFOM, images of UFO Magazine and its headlines were used in a 2000 television production by MSNBC entitled "UFOs: The Millenium and Beyond."

19. Pursuant to a license from UFOM, several UFO Magazine covers were used by Film Garden Entertainment in its 2002 television production entitled "The Secret World of Close Encounters."

20. Pursuant to a license from UFOM, UFOM's mark was used as set dressing in a 2002 motion picture starring Richard Gere, Debra Messing, and Will Patton entitled "The Mothman Prophecies."

21. Pursuant to a license from UFOM, UFOM's mark was used as set dressing in a 2009 motion picture starring Dwayne Johnson and distributed by Walt Disney Studios entitled "Race to Witch Mountain."

22. Pursuant to a license from UFOM, UFOM's mark was used as set dressing in a 2009 film directed by "X-Files" creator, Chris Carter, entitled "I Want to Believe."

23. In short, UFOM has devoted substantial time, effort, and resources to distributing and promoting uses of its mark within the entertainment, motion picture, and television industries.

24. In addition, UFOM has been in discussions for development of a UFO motion picture and/or television series for many years.

25. As recently as September 2020, UFOM, in a sponsorship role with the Virtual International UFO Congress, sought collaborators for development of a movie, as shown in the

screenshot of the sponsorship page attached hereto Exhibit 1 and incorporated herein by this reference.

26. UFOM's website has also, for some time, included content seeking collaborators for movie development.

27. Beginning in mid-2021 and without license, permission, or authority from UFOM, Defendant Showtime began distributing through its streaming service a television series entitled "UFO" whose content is identical in substance to the content that has been published under UFOM's marks.

28. Defendant Showtime's use of "UFO" in connection with a television series infringes UFOM's trademark and intellectual property rights in its **"UFO"** marks, including without limitation utilizing content substantially similar to content that is presented and referred to in UFO Magazine, as shown in Exhibit 2, the Summer 2021 issue of the magazine which is attached hereto and incorporated herein by this reference.

29. Defendant Showtime had adequate alternative, equally descriptive, and effective names, titles, and avenues for identifying its television series, such as "Unidentified Flying Objects" or "Sightings of the Unknown" or "Alien Spacecraft" or "Flying Saucers" or "Extraterrestrials," but elected to use the federally registered trademark owned by UFO Magazine that had been registered for the very same purpose.

30. Use of UFOM's marks as a movie title or as the name of a television series has unique and enduring value to UFOM because it has long been an entertainment industry practice not to duplicate titles used by others.

31. This industry practice is recognized and has been codified in regulations of the Title Registration Bureau of the Motion Picture Association, of which Defendant Showtime's parent corporation, Paramount, is a member.

32. On information and belief, prior to the time that Defendant Showtime began commercial streaming of its television series, Defendant Showtime or its producer, agents, or employees performed a "clearance" of potential titles. In the entertainment industry, "clearance" refers to a process by which other uses of titles being considered for use in connection with entertainment products are investigated, typically including searches of registered trademarks.

33. On information and belief, in the course of the clearance process, Defendant Showtime or its producer, agents, or employees acquired actual notice of UFOM's trademark and intellectual property rights in its **"UFO"** marks for "Entertainment in the nature of a television series and motion picture film series."

34. On December 4, 2021, shortly after becoming aware of Defendant Showtime's infringements of its **"UFO"** marks, UFOM sent a letter to Defendant Showtime providing information about and copies of UFOM's trademark registrations and uses and demanding that Defendant Showtime cease and desist from its infringing uses of the **"UFO"** mark.

35. On December 21, 2021, UFOM sent a second letter to Defendant Showtime providing detailed information about the history of UFOM's uses, providing legal authority for its claim of trademark infringement, and again demanding that Defendant Showtime cease and desist from its infringing uses.

36. Despite having actual notice of and actual knowledge about UFOM's trademark registrations and UFOM's trademark and intellectual property rights, Defendant Showtime has continued to stream its television programming bearing the infringing "UFO" title; has advertised

and promoted its television programming bearing the infringing "UFO" title; and has generated substantial revenue from its television programming bearing the infringing "UFO" title.

37. UFOM alleges, on information and belief, that Defendant Showtime's infringement continues to date.

38. UFOM alleges, on information and belief, that Defendant Showtime's purpose in continuing to stream the programming using UFOM's mark is to increase the number of subscribers paying to access to Defendant's service and thereby to increase Defendant's revenue.

### FIRST CAUSE OF ACTION:  Infringement of Registered Trademarks

[15 U.S.C. § 1114/Lanham Act § 32(a)]

39. UFOM restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40. UFOM is the owner of all right and title in and to Registration No. 3283437 and Registration No. 4054372 ("the Registered Marks").

41. UFOM has continuously used the Registered Marks in interstate commerce since at least as early as the dates of first use reflected in its registrations.

42. UFOM, as the owner of all right, title, and interest in and to the Registered Marks has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

43. Defendant Showtime is and was, at the time it engaged in its actions as alleged herein, actually aware that UFOM was and is the owner of the Registered Marks.

44. Defendant Showtime did not seek, and has failed to obtain, consent or authorization from UFOM to make use of, advertise, market, promote, distribute, and display its products bearing the Registered Marks, in commerce.

45. Defendant Showtime has knowingly and intentionally produced, advertised,

marketed, promoted, distributed, and displayed its products bearing and/or utilizing marks that are reproductions, counterfeits, copies and/or colorable imitations of the Registered Marks and/or that are identical and/or confusingly similar to the Registered Marks.

46. Defendant Showtime's intentional use of the Registered Marks in commerce on or in connection with its products has caused, and is likely to continue to cause, actual confusion and mistake, and has deceived, and is likely to continue to deceive, the general purchasing public that Defendant Showtime is the true source or origin of entertainment products using the Registered Marks when, in fact, UFOM is the true source of origin of such entertainment products.

47. Defendant Showtime's actions have been deliberate and committed with full knowledge of UFOM's rights in and to the Registered Marks, as well as with bad faith and the intent to cause confusion, mistake, and deception.

48. Defendant Showtime's continued, knowing, and intentional use of the Registered Marks without UFOM's consent or authorization, constitutes intentional infringement of the Registered Marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

49. As a direct and proximate result of Defendant Showtime's illegal and infringing actions as alleged herein, UFOM has suffered monetary loss and irreparable injury, loss and damage to its business and its valuable rights in and to the Registered Marks and the goodwill associated therewith in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless enjoined, Defendant Showtime will continue to cause such irreparable injury, loss and damage to Plaintiff.

50. Because of the longstanding entertainment industry practice not to duplicate movie and show titles that have been used by others, as a direct and proximate result of Defendant Showtime's use of UFOM's marks, UFOM is effectively precluded from using its Registered

Marks as a movie title or as the title of a television series, which is one of the purposes for which the marks were registered in the first instance, thereby substantially damaging the economic value to UFOM of its own Registered Marks.

51. Based on Defendant Showtime's actions as alleged herein, UFOM is entitled to injunctive relief, damages for the irreparable harm that UFOM has sustained, and will sustain, as a result of Defendant Showtime's unlawful and infringing actions as alleged herein, and all gains, profits and advantages obtained by Defendant Showtime as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, and reasonable attorneys' fees and costs.

### **SECOND CAUSE OF ACTION:  Unfair Competition**

[15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

52. UFOM restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

53. UFOM, as the sole owner of all right and title in and to the intellectual property that is represented by and includes, without limitation, the Registered Marks, has standing to maintain an action for unfair competition under the Lanham Act § 43(a), 15 U.S.C. § 1125.

54. The Registered Marks are inherently distinctive and/or have acquired distinctiveness.

55. Defendant Showtime has knowingly and willfully used in commerce products and services bearing words and designs that are identical or confusingly or substantially similar to and constitute a reproduction of the Registered Marks, and has affixed, applied, and has falsely and misleadingly described and represented that "UFO" is Defendant Showtime's own title in connection with the production, advertising, marketing, promotion, distribution, and display of its

television series, and has done so with the intent to deceive the purchasing public to believe, in error, that the title belongs to Defendant Showtime, thereby allowing Defendant Showtime to capitalize on the value and goodwill associated with the Registered Marks, to Defendant Showtime's substantial profit in unlawful and intentional disregard of UFOM's rights in its registered marks.

56. By advertising, marketing, promoting, distributing, and displaying a product that bears and is identical to UFOM's registered marks, Defendant Showtime has traded off the goodwill of UFOM, has induced and will continue to induce customers to purchase its product, and will thereby directly and unfairly compete with UFOM, and make substantial sales and profits based on the goodwill of UFOM.

57. Defendant Showtime knew or, by the exercise of reasonable care, should have known, that its adoption and commencement of and continuing use in commerce of marks that are identical or confusingly and substantially similar to, and constitute a reproduction of UFOM's Registered Marks, would cause mistake or deception among viewers and the trade as to the true ownership of the UFO title.

58. On information and belief, Defendant Showtime's actions have been knowing, deliberate, willful, and intended to cause mistake and to deceive the trade and the public, and made with the intent to trade on the goodwill of UFOM and its Registered Marks.

59. Because of the longstanding entertainment industry practice not to duplicate movie and show titles that have been used by others, as a direct and proximate result of Defendant Showtime's use of UFOM's marks, UFOM is effectively precluded from using its Registered Marks as a movie title or as the title of a television series, which is one of the purposes for which the marks were registered in the first instance thereby substantially damaging the economic value

to UFOM of its own Registered Marks.

60. Defendant Showtime has caused irreparable injury to UFOM by depriving UFOM of the full and fair value of its Registered Marks, as commercial assets, for which it has no adequate remedy at law, and unless restrained, Defendant Showtime will continue to cause irreparable injury to UFOM and the goodwill associated with the value of the Registered Marks in an amount as yet unknown, but to be determined at trial.

61. Based on Defendant Showtime's wrongful actions, UFOM is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that UFOM has sustained and will sustain as a result of Defendant Showtime's unlawfully competitive actions as alleged herein, and all gains, profits and advantages obtained by Defendant Showtime as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, UFO Magazine, Inc. prays for judgment against Defendant Showtime Network, Inc., as follows:

A. For an award of Defendant Showtime Network, Inc.'s profits and UFO Magazine, Inc.'s damages pursuant to 15 U.S.C. § 1117(a), enhanced discretionary damages under 15 U.S.C. § 1117(a), and treble damages in the amount of a sum equal to three (3) times such profits or damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b) for willfully and intentionally, directly and/or indirectly, using a mark or designation, knowing such mark or designation is a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a);

B. In the alternative to Defendant Showtime Network, Inc.'s profits and UFO Magazine, Inc.'s actual damages, enhanced discretionary damages and treble damages for willful

use of a counterfeit mark in connection with the sale, offering for sale, or distribution of services and/or an award of statutory damages pursuant to 15 U.S.C. § 1117(c) per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just, which UFO Magazine, Inc. may elect prior to the rendering of final judgment;

      C.      For an award of Defendant Showtime Network, Inc.'s profits and UFO Magazine, Inc.'s damages in an amount to be proven at trial for willful trademark infringement of the Registered Marks, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

      D.      For an award of Defendant Showtime Network, Inc.'s profits and UFO Magazine, Inc.'s damages pursuant to 15 U.S.C. § 1117(a) in an amount to be proven at trial and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) for unfair competition under 15 U.S.C. §1125(a);

      E.      For a permanent injunction by this Court enjoining and prohibiting Defendant Showtime Network, Inc., or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant Showtime Network, Inc., and all those in active concert or participation with Defendant Showtime Network, Inc., and each of them who receives notice directly or otherwise of such injunction from:

      i.      producing, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in products bearing the Registered Marks;

      ii.      directly or indirectly infringing in any manner any of the Registered Marks or other exclusive rights of UFO Magazine, Inc.;

iii. using any reproduction, counterfeit, copy, or colorable imitation of the trademarks or other exclusive rights of UFO Magazine, Inc. to identify any products not authorized by UFO Magazine, Inc.;

iv. using any of UFO Magazine's trademarks or other exclusive rights or any other designs, artwork, or marks that are substantially or confusingly similar to the Registered Marks on or in connection with Defendant Showtime Network, Inc.'s production, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of its products;

v. using any false description or designation as to the true ownership of the title "UFO," or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the true ownership of the title "UFO;"

vi. engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the advertising and/or dealing in any product bearing or utilizing the Registered Marks and/or goodwill associated therewith;

vii. engaging in any other actions that constitute unfair competition with Plaintiff UFO Magazine, Inc.;

viii. engaging in any other act in derogation of UFO Magazine, Inc.'s rights in its Registered Mark;

ix. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action;

      x.      instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ix) above; and

    F.      For an order from the Court requiring that Defendant Showtime Network, Inc. provide complete accountings for any and all monies, profits, gains, and advantages it has derived by producing, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or otherwise dealing in the services described herein, including prejudgment interest.

    G.      For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant Showtime Network, Inc.'s possession that rightfully belong to UFO Magazine, Inc.;

    H.      For an award of exemplary or punitive damages in an amount to be determined by the Court;

    I.      For UFO Magazine, Inc.'s reasonable attorneys' fees;

    J.      For all costs of suit; and

    K.      For such other and further relief as the Court may deem just and equitable.

Dated this 11th day of August, 2022.

                                    By: /s/ Bradley L. Booke
                                          Bradley L. Booke
                                          P.O. Box 13160
                                          250 Veronica Lane #204
                                          Jackson, Wyoming 83002
                                          Telephone: 702-241-1631
                                          brad.booke@lawbooke.com
                                          *Attorney for Plaintiff*